## MATTER OF DUNN.

### APPLICATION FOR A WRIT OF MANDAMUS AGAINST THE HONORABLE EDWARD R. MEEK, DISTRICT JUDGE &C.

No. 10, Original.    Argued January 11, 1909.—Decided February 23, 1909.

As a corporation created by act of Congress derives all its rights from the law creating it, suits brought against it, on account of its action, arise under the Constitution and laws of the United States and are removable into the Federal court.   *Osborn* v. *Bank of United States*, 9 Wheat. 738.

This court will judicially notice that a defendant corporation was incorporated by an act of Congress even though the petition fails so to do.

The right to remove depends upon whether the suit could have been brought originally in the Circuit Court of the United States.  *Cochran* v. *Montgomery County*, 199 U. S. 260.

Where the Circuit Court has jurisdiction by reason of the fact that the defendant is a corporation created by an act of Congress, the joinder of other defendants, citizens of plaintiff's State does not prevent removal to the Circuit Court if there is no separable controversy and all the defendants unite in the petition: the Federal character permeates the entire case and affects all parties defendant.

When this court is called upon to exercise its own judgment, it will not be controlled by decisions of state courts.

Notwithstanding that it maintains an office in another State, the defendant corporation which was organized under an act of Congress is suable in · the district designated by it as where its office is located and in which its agent resides and its directors meet to affirm their acts adopted in the other State.

The application of § 10 of the act of March 11, 1902, 32 Stat. 68, c. 183, is not limited to local actions described in § 8 of the act of March 3, 1875, c. 137, 18 Stat. 470.

THIS is an original application to this court for a rule, directed to the District Judge of the United States for the Northern District of Texas, directing him, and also the Circuit Court of the United States for that district, to show cause why a mandamus should not issue, commanding that judge and that court, and each of them, to remand a certain action at law to the District Court of Dallas County, Texas, and to desist from exercising any further jurisdiction in the action, except the entering of the order remanding it to the state court. Upon such application a rule was made by this court that the judge and the court should show cause, in accordance therewith.

Upon service of the rule being made, a return has been duly filed by the District Judge, acting for himself and as judge of the Circuit Court.

In the papers used upon the application for the writ and in the return of the District Judge made thereto the following facts are set forth:

An action was brought in the state court· in the county of Dallas, and State of Texas on the first day of August, 1907, against the Texas and Pacific Railway Company and two individuals, C. W. Slayter and Carl Rasmussen, who were, respectively, engineer and fireman on the Texas and Pacific Railway, to recover damages for the negligent killing of J. J. Dunn, the husband of one of the plaintiffs and the father of others. The action was brought against the company and the individual defendants jointly, and the petition in the state court alleged that the plaintiffs resided in Dallas County, Texas, of which county the plaintiffs were inhabitants and residents and that

the defendant the Texas and Pacific Railway Company, was a corporation duly incorporated, with an office and local agent in Dallas County, Texas; that the defendant Slayter was a resident and citizen and inhabitant of Harrison County, in said State, and that the defendant Rasmussen was also a resident, citizen and inhabitant of Harrison County, in the said State. The petition then alleged that Dunn was killed directly and approximately through the negligence of the defendants, who were guilty of negligence in permitting and causing the engine and train to run into, against and over the said Dunn and injuring him so that he was instantly killed. The petition then averred certain particular acts of negligence on the part of the defendants and sought to recover from them on account of such negligent killing the sum of $85,000. All of the defendants were duly served with process, and within the time required by law they all joined in a petition to the state court to remove the cause to the Circuit Court of the United States for the Northern District of Texas (which included Dallas County) and presented bonds for such removal. The ground for the removal was alleged to be that the Texas and Pacific Railway Company was a corporation organized and existing under the laws of the United States by virtue of "An act to incorporate the Texas and Pacific Rail Road Company and to aid in the construction of its road, and for other purposes," approved March 3, 1871, and acts amendatory thereof and supplemental thereto, by one of which the name and style of the company was changed to the Texas and Pacific Railway Company. The petition alleged that the matter in dispute in the case exceeds, exclusive of interest and costs, the sum of two thousand dollars, and that the suit arose under the laws of the United States, and more especially under the law of the United States constituting the charter of the defendant and under which it was incorporated; that under the laws of the United States the Circuit Court of the United States for the Northern District of Texas had original jurisdiction of the suit. To the granting of this application the plaintiffs objected, among other things, upon the ground that

the plaintiffs had not the right, at the time of the commencement of the suit, to bring it in the Circuit Court of the United States for the Northern District of Texas against either of the defendants Slayter and Rasmussen, and that it appears, from the plaintiff's petition in the case that it is not removable to the Circuit Court of the United States for the Northern District of Texas at the instance of either of the individual defendants, nor at the instance of the railway company; and that it also appears, from the defendant's own petition for the removal, that the case is not removable to the Circuit Court of the United States for the Northern District of Texas at the instance of either the defendants Slayter, or Rasmussen, or even at the instance of the defendant railway company, or of all of them together.

The state court, while holding that the petition to remove to a Federal court was in all respects regular, and that it was filed in due time, and that a good and sufficient bond had been filed, held that the petition did not show proper grounds for removal of the suit, and the application for removal was denied.

Thereupon the defendants in the suit in the state court, on January 13, 1908, filed in the office of the clerk of the Circuit Court of the United States for the Northern District of Texas, at Dallas, Texas, a copy of the record in that suit. Before any other proceedings were had in the case in the Circuit Court of the United States, and on the twentieth of January, 1908, the plaintiffs filed in that court a motion to remand the case. While expressly denying that the Circuit Court had jurisdiction of the case, the plaintiffs moved the court to remand it, for the reason that the suit did not properly involve a dispute or controversy properly within the jurisdiction of the court, because, as was said, it did not appear from the record or from the defendant's petition to remove the cause that any of the defendants were inhabitants of the Northern District of Texas, and that there was no denial by the defendants of plaintiffs' allegation that the individual defendants Slayter and Rasmussen were inhabitants of Harrison County, Texas; which county is in the Eastern Dis-

trict of Texas. It was also averred that it appeared upon the face of the record that there was no separable controversy as to either or any of the defendants. The plaintiffs further averred that the railway company had its principal office in the City of New York, in the Southern District of New York, and State of New York, of which district it was an inhabitant, and that it was not an inhabitant of the Northern District of Texas, and could not be sued by the plaintiff in that district by reason of its being a Federal corporation, hence it had not the right to remove the cause to the Federal court.

The defendants answered the petition to remand, and averred that the railway company was a resident of and had its domicil in the Northern District of Texas, and that the individual defendants were jointly sued with the railway company, a resident of the District of Dallas. That no claim of separable controversy or diverse citizenship was made, but the application to remove was based upon the existence of a Federal question as to all of the defendants. That although the plaintiffs' petition in the case simply alleged that the railway company was a corporation duly incorporated, yet defendants alleged that it had an office and local agent in Dallas County, Texas, and it was urged that the court would take judicial notice of the Federal character of the defendant, notwithstanding the plaintiffs had neglected to allege it; and that the record showed a general liability charged by the plaintiffs as against all the defendants, and that the Federal question as to all of such defendants was thereby raised.

The motion made by the plaintiffs to remand the cause came on to be heard by the District Judge holding the Circuit Court, and was overruled and denied.

No further proceedings have been had in the case in the Circuit Court of the United States, and the case also stands upon the docket of the state court, subject to call and disposition.

Upon application, the Circuit Court issued an injunction restraining the plaintiffs from continuing any proceedings in the state court in the action.

A motion was made to dissolve the injunction, which was denied. *Madisonville &c.* v. *Saint Bernard &c.*, 196 U. S. 239.

The plaintiffs insist that mandamus is the only adequate remedy under the facts stated, by which they can obtain relief and proceed with the trial of their cause in the state court.

*Mr. C. W. Starling* for petitioners:

If upon the face of the record as made in the state court the case was not removable, jurisdiction of the Circuit Court has not attached. *Crehore* v. *O. & M. Ry. Co.*, 131 U. S. 240. There is no preliminary question of law or of fact, as in *Re Pollitz*, 206 U. S. 323, or as in *Ex parte Nebraska*, 209 U. S. 436, which calls for the exercise of judicial discretion of the Circuit Court. *Ex parte Wisner*, 203 U. S. 449, controls.

Where only one of two defendants, if sued alone, has a right, because of a Federal question affecting it, to remove a case, there being another or other defendants who if sued alone had no right of removal, such right does not exist because all defendants join in the application to remove.

A suit against an employé of a Federal corporation, arising by reason of his conduct while in the line of duty, is not one arising under the Constitution and laws of the United States, unless it appears from plaintiff's petition that the conduct in question is of such a character that it is in some manner defined or affected by Federal law.

A suit against a Federal corporation and an individual employé instituted in good faith, arising by reason of their alleged joint negligence, is not removable to the Federal court on account of the Federal character of such corporation. *Texas & Pacific Ry. Co.* v. *Huber*, 92 S. W. Rep. 833; *Eastin & Knox* v. *Texas & Pacific Ry. Co.*, 92 S. W. Rep. 838; *Chicago, Rock Isd. & P. Ry.* v. *Martin*, 178 U. S. 245; *Strawbridge* v. *Curtis*, 3 Cranch, 267; *Alabama Great Southern Ry. Co.* v. *Thompson*, 200 U. S. 203; *Blake* v. *McKim*, 103 U. S. 336; *Western Union Telegraph Co.* v. *Ann Arbor Ry. Co.*, 178 U. S. 239; *Gableman* v. *Peoria Co.*, 179 U. S. 335; *Hanrick* v. *Hanrick*, 153 U. S. 192;

*Torrence* .v. *Shedd*, .144 U. S. 527; *Whitcomb* v. *Smithson*, 175 U., S. 635; *L. & N. Co.* v. *Wangelin*, 132 U. S. 599; *Albany G. S. R.. Co.* v. *Thompson*, 200 U. S. 216. '

If the Texas & Pacific Railway Company is an inhabitant of the Southern District of New York, suit against it cannot, except by its consent, be maintained in the Circuit Court for the Northern District of Texas, provided jurisdiction is dependent solely upon a Federal question, and therefore such company as , defendant cannot remove a case from the state court to such Circuit Court over the objection of the plaintiffs. *Ex parte Wisner*, 203 U. S. 449; *In re Keasbey & Mattison Co.*, 160 U. S. 219; *Wolf* v. *C. O. & G. Ry. Co.*, 133 Fed. Rep. 601; *Sunderland Bros.* v; *C., R. I. & P. Ry.*, 158 Fed. Rep. 878.

The Texas & Pacific Railway Company is an inhabitant of the Southern District of New York, and not of the Northern District of Texas. *Galveston, H. & S. A. R. Co.* v. *Gonzales*, 151 U. S. 507; *Shaw* v. *Quincy Mining Co.*, 145 U. S. 144; *Orange Nat. Bank* v. *Craven*, 7 Fed. Rep. 149; *Bank* v. *Deveaux*, 5 Cranch, 66; *Northern Pac. Ry. Co.* v. *Amato*, 144 U. S. 465; *U. P. Ry. Co.* v. *Harris*, 158 U. S. 326; *Wolf* v. *C. O. & G. Ry.*, 133 Fed. Rep. 601.

Applying the rule governing citizenship of state corporations, which .is that they are presumed to be citizens of the State in which they are incorporated, and of the district in which their principal office is located, the citizenship and inhabitancy of this railway company should be presumed to be where it keeps open its books for subscription to its capital stock and where its stockholders meet pursuant to the by-laws and transact their business. *Texas & Pac. Ry. Co.* v. *Commission*, 162 U. S. 197; *St. Louis & S. F. Ry. Co.* v. *James*, 161 U. S. 562; *Patch* v. *Wabash Ry.*, 207 U. S. 277; *Memphis & C. R. Co.* v. *Alabama*, 107 U. S. 581.

As the individual defendants are shown by the record to be inhabitants of the Eastern District of Texas, plaintiffs could not have sued them jointly with the railway company in the Northern District of Texas; they did not have the right to remove or

to join in the petition to remove the cause to the Circuit Court for the Northern District of Texas. *Greeley* v. *Lowe,* 155 U. S. 72.

Although a suit against a Federal corporation is *prima facie* a suit arising under the Constitution and laws of the United States, so as to confer jurisdiction thereof upon the Circuit Court, it may be shown by a proper pleading, challenging the jurisdiction, that such suit does not involve a substantial controversy of this character, and if such pleading is interposed, before jurisdiction is assented to by such proceedings as practically admit that the suit does involve a substantial controversy of this character, and it then appears that there is no such substantial controversy, the case should be dismissed for want of jurisdiction. See opinion of Chief Justice Marshall in *Osborn* v. *Bank,* 9 Wheaton, 827; and see also *U. P. Ry. Co.* v. *Meyers,* 115 U. S. 1; *Texas & Pacific Ry. Co.* v. *Cody,* 166 U. S. 606; *St. J. & G. I. Ry. Co.* v. *Steele,* 167 U. S. 659.

*Mr. Rush Taggart,* with whom *Mr. John F. Dillon* and *Mr. W. L. Hall* were on the brief, for respondent:

The removal of this cause to the Federal court was in exact accordance with the provisions of the act of March 3d, 1887, as corrected by the act of August 13th, 1888. *Texas & Pacific Ry. Co.* v. *Cox,* 145 U. S. 593; *Pacific Railroad Removal Cases,* 115 U. S. 1; *Oregon Short Line &c. Ry.* v. *Skottowe,* 162 U. S. 490; *Texas & Pacific Ry. Co.* v. *Cody,* 166 U. S. 606; *Texas & Pacific Ry. Co.* v. *Barrett,* 166 U. S. 617; *Smith* v. *Union Pacific Ry.,* 2 Dillon, 278; *Bank of United States* v. *Deveaux,* 5 Cranch, 61; *Bank* v. *Martin,* 5 Pet. 479; *Osborn* v. *Bank,* 9 Wheat. 738; *Curtin* v. *Union Pacific R. R.,* 3 Dillon, Circuit Court, Rep. 366. The action does not cease to be one arising under the laws of the United States because other parties are sued jointly with the Texas & Pacific Railway. *Fisk* v. *Union Pacific R. R. Co. et al.,* 8 Blatchford, 243; *Landers* v. *Felton et al.,* 73 Fed. Rep. 311; *Lund* v. *Chicago, R. I. & Pac. R. R. et al.,* 78 Fed. Rep. 385; *Martin* v. *St. L. S. W. Ry. et al.,* 134 Fed. Rep. 134.

Relator's contention that the suit could not originally have been maintained against the Texas & Pacific in the Northern District of Texas and against Slayter and Rasmussen is not well founded.

Under the first section of its charter the right to sue and the obligation to submit to suit in any court of law or equity within the United States is expressly provided for therein, and the charter was accepted by it, subject to that obligation. The right to sue it in the United States Circuit Court in the Northern District of Texas would not be dependent upon its consent, but upon the fact whether it was doing business within that district, and had an agent there upon whom service could properly be made. If such conditions existed, then it could be properly served with process, and when so served the Circuit Court would have jurisdiction over it under § 1 of its charter, and the principle of the following cases. *Lafayette Ins. Co.* v. *French,* 18 How. 404; *St. Clair* v. *Cox,* 106 U. S. 98; *Fitzgerald Co.* v. *Fitzgerald,* 137 U. S. 98; *Mexican Central Ry. Co.* v. *Pinkney,* 149 U. S. 194; *In re Hohorst,* 150 U. S. 653.

The fact that the individual defendants, Slayter and Rasmussen, were residents of the Eastern District of Texas, under § 10 of the act of 1902, would not interfere with getting service upon them, because the clauses of § 1, of the act of March 3, 1887, regulative of the exercise of the jurisdiction of the Circuit Court, and limiting the right to suit in the Federal courts to the district in which the defendant is an inhabitant, would not have application to these persons in that case, for the reason that special provision is made in the subsequent act of 1902 for service of writs in the different districts into which the State of Texas is divided. If the plaintiff saw fit to sue the Texas & Pacific Railway Company, in the Northern District where service could be had upon it, and join with that company, Slayter and Rasmussen, the clerk of that court would have the right to issue writs for the other defendants to the other districts, and thus, that feature of the objection to the original jurisdiction of this case in this Northern District of Texas is entirely eliminated.

Mr. Justice Peckham, after making the foregoing state-
ment, delivered the opinion of the court.

It is agreed by all that there is in this case no separable con-
troversy, and the important question is whether, upon the
facts stated, a removal can be ordered, notwithstanding the
individual defendants were made parties to the suit, and were
not residents or inhabitants of the Northern District of Texas
when sued.

The question arises under the act of Congress of 1888, relative
to the removal of cases from state to Federal courts. 25 Stat.
433, chap. 866. This act, as its title shows, was passed for the
purpose of correcting the enrollment of the act approved
March 3, 1887, 24 Stat. 552, chap. 373, which amended the act
approved March 3, 1875, 18 Stat. 470, chap. 137. The first
clause of the first section of the act of 1888 gave to the Circuit
Courts of the United States "original cognizance, concurrent
with the courts of the several States, of all suits of a civil na-
ture, at common law or in equity, where the matter in dispute
exceeds, exclusive of interest and costs, the sum or value of two
thousand dollars, and arising under the Constitution or laws of
the United States, or treaties made, or which shall be made,
under their authority. . . ."

The second section of the act provided "that any suit of a
civil nature, at law or in equity, arising under the Constitution
or laws of the United States, or treaties made, or which shall be
made, under their authority, of which the Circuit Courts of the
United States are given original jurisdiction by the preceding
section, which may now be pending, or which may hereafter
be brought, in any state court, may be removed by the defend-
ant or defendants therein to the Circuit Court of the United
States for the proper district. . . ."

If the question were as to the right to remove a case to the
Federal court where the sole defendant was a corporation
created by an act of Congress, there can be no dispute as to the
right of such a defendant to claim the removal. As the corpo-

ration derives all its rights from the law of Congress, a suit brought against it on account of its action arises under the Constitution or laws of the United States. *Osborn* v. *Bank of the United States*, 9 Wheat. 738, 817, 828; *Pacific Railroad Removal Cases*, 115 U. S. 1. See also act of incorporation of the Texas & Pacific Railroad Company, 16 Stat., p. 573, c. 122, March 3, 1871, giving the right to the corporation (p. 574, § 1) to sue and be sued in all the courts of law and equity within the United States.

The right to remove, under the statute, depends upon whether the suit could originally have been brought in the Circuit Court of the United States. *Traction Company* v. *Mining Company*, 196 U. S. 239, 245; *Cochran &c.* v. *Montgomery County*, 199 U. S. 260.

The question then is whether the United States Circuit Court for the proper district (Northern District of Texas) would have had jurisdiction of a suit commenced in that district by the plaintiffs against the railway company and the two individual defendants. A suit against the company would, as we have seen, be one arising under the Constitution or laws of the United States, and as the individual defendants resided in the State of Texas (the same State as the plaintiffs) the ground of jurisdiction of the Federal court as to them must be that by joining all as defendants in a joint action for the same wrong done by all of them, the plaintiffs thereby made the suit against the individual defendants also one which arises under the Constitution or laws of the United States.

The plaintiffs themselves have made the act of which they complain a joint one, and, being one which arises under the Constitution and laws of the United States as to one of the defendants, it becomes so as to all, because it is joint. The Federal character permeates the whole case, including the individual defendants as well as the corporation. The case which plaintiffs make in their petition in the suit must determine the character of the cause of action. *Alabama Great Southern Railway* v. *Thompson*, 200 U. S. 206, 216. The acts of the indi-

vidual defendants were not necessarily in and of themselves inherently of a Federal nature.

In *Landers* v. *Felton*, 73 Fed. Rep. 311, the question arose whether an action brought against the receiver of a United States court, and others who were citizens of the same State as that of the plaintiff, to establish a joint liability of all the defendants, was a suit arising under the laws or Constitution of the United States. The court held that it was, saying: "No separate liability could be asserted against the receiver; except by virtue of the same laws. Therefore the joint liability of the defendants with the receiver arises under the laws or Constitution of the United States. If the plaintiff wished to sue the other defendants without joining the receiver, he had his election to do so, because the liability of joint tort feasors is also several. He might, therefore, have maintained his action against the resident defendants in a state court, without any possibility of removal to a Federal court. He elected, however, to join the resident defendants with a person against whom he could establish no liability, in the capacity in which he sues him, except by virtue of the laws of the United States. Therefore the joint cause of action which he asserts against all the defendants must find its sanction in the Federal statutes. Hence, the cause of action is removable. The state court was in error in denying the petition of the receiver, and the motion to remand is overruled."

In *Lund* v. *Chicago &c. Railway Co.*, 78 Fed. Rep. 385, a suit was brought in the state court against that company, together with the Union Pacific Railway Company and its receivers. One was a state and the other a United States corporation. The Union Pacific, by its receivers, filed a petition for removal of the cause, and a motion to remand was made, and it was urged that the cause was not removable because the state corporation was joined with the Union Pacific, and that as to the state corporation no Federal law was involved, and it could not remove the cause to the Federal court. The court held the defense was not well taken; that the statute organizing the

Union Pacific Railway necessarily involved a Federal law, and as it was a joint cause of action it was clear that the whole case arose under the Federal law; that while a suit against the Rock Island Company, the state corporation, could have been maintained without reference to the Federal laws, yet, as it was sought to hold the Union Pacific Railway Company and its receivers jointly with the state company, then a new character was given to the action and a new element was introduced, to wit, the laws of the United States; therefore as it was necessary in order to maintain the action against the defendants jointly to invoke the Federal law, the case was one arising under the laws of the United States, and hence the whole case was removable under the statute. In such case it was said the Federal question affects all parties defendant in the suit, entitling it to be removed where all the parties unite in the petition. *Martin* v. *St. Louis &c. Ry.*, 134 Fed. Rep. 134, is to same effect. And see *Fish* v. *The Union Pacific Railroad Company*, 8 Blatch. 243, per Circuit Justice Nelson and Judge Blatchford, opinion by Justice Nelson, upon question of removal, where the case arises out of the Constitution or laws of United States, although some of the defendants could not themselves apply to remove it.

We are aware that a different view has been taken of the rights of defendants, situated like those in this case by the Supreme Court of the State of Texas in *Texas & Pacific &c. Co.* v. *Huber*, 100 Texas, 1; *S. C.*, 92 S. W. Rep. 832 (May 2, 1906); *Eastin & Knox* v. *Texas &c. Co.*, 99 Texas, 654; *S. C.*, 92 S. W. Rep. 838 (May 2, 1906); but as this is a case where we are called upon to exercise our own judgment, we have come to a different conclusion, notwithstanding our great respect for the decisions of the courts of that State.

Although the plaintiffs in their original petition in the state court state that the railway company was a corporation, duly incorporated, with an office and local agent in Dallas County, Texas, the fact that the corporation was incorporated by an act of Congress will be noticed by the court, even without an averment of that fact in the petition. *Texas & Pacific Ry. Co.*

v. *Cody*, 166 U. S. 606, 610; *Texas &c. Ry.* v. *Barrett*, 166 U. S. 617.

In *Chicago &c. Railway Co.* v. *Martin*, 178 U. S. 245, the action was brought by the administrator of William Martin against the Chicago, Rock Island and Pacific Railroad Company (a state corporation), Clark and others, and the receivers of the Union Pacific Railway Company, in the District Court of Clay County, Kansas, to recover damages for the death of decedent. The Union Pacific Railway was a Federal corporation, and its receivers were appointed by the Federal court. Application to remove the cause to the Federal court was made by the receivers of the Union Pacific, which application was not joined in by the state corporation, and the application was denied, because all the defendants were charged with jointly causing the death of plaintiff's intestate, and all did not join in the petition for removal. The case was tried and judgment obtained for the plaintiff in the state court, and was taken on error to the Supreme Court of Kansas and there affirmed. 57 Kansas, 437. In this court the Chief Justice, speaking for the court, said: "Assuming that as to the receivers the case may be said to have arisen under the Constitution and laws of the United States, the question is whether it was necessary for the Chicago, Rock Island and Pacific Railroad Company, defendant, to join in the application of its co-defendants, the receivers of the Union Pacific Railway Company, to effect a removal to the Circuit Court." Upon consideration of the removal statutes it was held that it was necessary for the state corporation to join in the application. Here all of the defendants have joined, and, as we have seen, they are all under the circumstances able to assert and claim the right of removal of the cause to a Federal court. It was held in the *Martin case, supra*, that there was no separable controversy, and so failure of all the defendants to join could not be excused.

Some further objections are taken to the right of plaintiffs to maintain this suit in the Federal court, and therefore to the right of the defendants to remove from a state court. The

objection is that the defendants Slayter and Rasmussen were not residents in the Northern District of Texas, but, on the contrary, were residents of the Eastern District, and consequently could not be sued in the former district; and also that the railway company was not a resident of the State of Texas, but was a resident of the Southern District of the State of New York. Upon the latter question the facts on deposition before the United States district judge in Texas showed that the company maintained an office in Dallas County, Texas, and that the senior vice president lived in Dallas, and that for many years the company had designated Dallas as its general office, and that all the acts of the board of directors taken in New York city are subsequently affirmed by the meeting of the board at Dallas before they are considered effective. We are of opinion that the defendant company was liable to suit in the Northern District.

By § 10 of the act of Congress entitled "An Act to divide the State of Texas into four judicial districts," approved March 11, 1902, 32 Stat. 68, c. 183, provision is made for the service of process against defendants, and if there be more than one defendant, and they reside in different divisions of the district or in different districts, the plaintiff can sue in either division or in either district in which one or more of the defendants may reside, sending a duplicate writ or writs to the other defendant or defendants, upon which the clerk shall indorse that the writ thus sent is a copy of a writ sued out of the court of the proper division of said district.

Articles 1222 and 1223 of the Civil Statutes of Texas provide for the service of process in suits against incorporated companies or foreign public or private corporations.

Under these various statutes the plaintiffs would have had the right to sue the Texas and Pacific Railway Company in the Northern District of Texas, because it was a resident of and doing business in that district, and had an agent there upon whom service could properly be made.

The individual defendants Slayter and Rasmussen, being

residents of the Eastern District of Texas, could, under § 10 of the act above mentioned, be served with duplicate writs, and so the Circuit Court would obtain jurisdiction over them also.

We do not think that the tenth section of the act of 1902, *supra*, should be limited so as to apply only to local actions of the class described in § 8 of the act of 1875. 18 Stat. 470, ch. 137. That section relates to suits commenced to enforce any legal or equitable lien or claim to or to remove any incumbrance or cloud upon real or personal property in the district where such suit is brought. The first part of § 10 does not so limit its application, while the latter part makes special provision for suits and actions affecting the title to real estate, which directs that the action must be brought where such real estate is in whole or in part situated.

We are of opinion that the Circuit Court of the United States obtained jurisdiction by the proceedings for the removal of the case to that court, and the rule to show cause is therefore discharged and the proceedings in this court to obtain a mandamus are

*Dismissed.*

MR. JUSTICE HARLAN dissented.