TEXAS & PACIFIC RAILWAY COMPANY v. MRS. M. E. HUBER ET AL.

No. 1971. Decided October 27, 1909.

**Removal of Causes—Federal Corporation.**

Suit against a corporation created by Act of Congress is one arising under the laws of the United States, which may be brought originally in the Circuit Court of the United States, and is removable thereto if instituted in a State Court. This rule applies where a citizen of the State where suit is brought is joined with the corporation as codefendant, if there is no separable controversy and both defendants join in the application to remove. Matter of Dunn, 212 U. S., 374, followed.

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Mrs. M. E. Huber and another, appealed from a judgment for defendant in their action against the Texas & Pac. Ry. Co. The judgment was reversed and cause remanded on the ground that the defendant's application to remove the action to the Federal Court should have been granted, but on motion for rehearing this ruling was set aside and the judgment reversed and cause remanded for errors on the trial. The railway company then obtained writ of error from the Supreme Court.

*Flippen & McCormick, (T. J. Freeman and W. L. Hall,* of counsel) for plaintiff.—A party having a defense arising under the Constitution and laws of the United States can not be deprived of his right to maintain his defense in the Federal Court by joining other defendants not affected by the federal question. Act of Congress, March 3, 1887, pertaining to removal of causes; Pacific Removal cases, 115 U. S., 1-25; Texas & Pacific Ry. Co. v. Cody, 166 U. S., 606; Bloom v. Texas & P. Ry. Co., 85 Texas, 285; Dillon on Removal of Causes, 5th edition, sec. 80, p. 95; Mayor v. Independent Steamboat Co., 21 Fed., 593; Miller v. Le Mars Nat. Bank, 116 Fed., 551; Chicago, R. I. & P. Ry. Co. v. Martin, 178 U. S., 245; Sonnenthiel v. Christian Moerlein Brewing Co., 172 U. S., 401-406.

Where a defendant, being a railway corporation created by Act of

Congress, claims the right of removal from a State to a federal court, and within the time required by the Removal Acts, files its petition and bond for such removal, in which it is joined by the only other defendant in the case, and said petition for removal is refused, but is so refused solely on the ground that such other defendant is a resident of the same State as the plaintiffs and that no separable controversy is involved; when thereafter, before final judgment as to the defendant railway company, said other defendant ceases to be a party by the final judgment of the court as to said other defendant and said defendant railway company thereby becomes the sole defendant, if it promptly and before taking other steps in defense of said suit in the State court, renews, or again presents its petition in proper form for such removal as was previously sought and which was denied only because of the presence as a defendant of said other party, now eliminated, the petition for removal should be granted, and the State court ceases to have, and should cease to exercise, further jurisdiction in the case. Same authorities. Also, Powers v. Chesapeake and O. Ry. Co., 169 U. S., 92-94, and cases therein cited; Northern Pac. Ry Co. v. Austin, 135 U. S., 315-318; Barber v. Boston & M. Ry. Co., 145 Fed., 52; Remington v. Central Pac. Ry. Co., 198 U. S., 95.

*W. T. Strange, Cockrell & Gray* and *Marcus M. Parks,* for defendants in error.—On the contention of appellee, that it had the right to have the case removed into the federal court after R. J. Oliphant had been eliminated from the case by a verdict and judgment in his favor, we state the following propositions:

(1) The United States courts have coordinate or concurrent jurisdiction with State court. Railway Co. v. Lockwood, 17 Wall. (84 U. S.), 357.

(2) Where two courts have concurrent jurisdiction, whichever court first acquires jurisdiction of a cause will retain it throughout, if able to determine the whole controversy. 12 Am. & Eng. Ency. of Law, 294; Clepper v. State, 4 Texas, 245; Adams v. Mercantile Trust Co., 66 Fed., 621; Texas & Pac. Ry. Co. v. Lewis, 81 Texas, 8.

(3) In this case the plaintiffs prosecuted their suit to final judgment against the defendant, Oliphant, and never, at any time, voluntarily or otherwise, discontinued their case against Oliphant, and it was not alleged or proved by defendant that Oliphant was made a party for the purpose of defeating the federal court of its jurisdiction on a removal of the cause into that court. Whitcomb v. Smithson, 175 U. S., 635.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

Mrs. M. E. Huber, for herself and as next friend for her minor child, Georgia Huger, brought this suit against the Texas & Pacific Railway Company and R. J. Oliphant to recover for the killing of Lawrence Huber, the husband and father respectively of plaintiffs, which killing it is alleged was occasioned by the negligence of defendant's servants operating a locomotive engine against and over the deceased.

The two defendants duly moved that the cause be transferred to

the Federal Court for trial, on the ground that the Texas & Pacific Railway Company was chartered by an Act of Congress, and the application was overruled.

The case went to trial and resulted in a judgment in favor of the plaintiffs against the railway company and against them in favor of Oliphant. That judgment was reversed and the cause remanded for a new trial as to the Texas & Pacific Railway Company, but was affirmed as to Oliphant.

When this case was called for trial the second time in the District Court, the Texas & Pacific Railway Company presented its petition and bond in due form for removal to the Federal Court, alleging that it was a corporation duly created by an Act of the United States Congress. The application was again denied, and the case went to trial upon its merits and resulted in a judgment for the Texas & Pacific Railway Company, from which plaintiffs have appealed.

The Texas & Pacific Railway Company cross assigned as error in the trial court the failure to transfer the case to the United States Circuit Court for the Northern District of Texas.

The case of Matter of Dunn (212 U. S., 374), is the most recent decision of the Supreme Court of the United States upon this subject, and we are unable to distinguish that case from this. That was a case in which Mrs. Dunn, for herself and others, brought suit against the Texas & Pacific Railway Company in a State District Court at Dallas, Texas, and also against C. W. Slayter and Carl Rasmussen, who were respectively engineer and fireman on the Texas & Pacific Railway, to recover damages for the negligent killing of J. J. Dunn, the husband of one of the plaintiffs and the father of the others. An application was filed, which was joined in by all of the parties defendants, to remove the case to the Circuit Court of the United States for the Northern District of Texas, and the application was granted. Thereupon, the plaintiffs in the suit filed an application in the Supreme Court of the United States praying that the District Judge of the United States for the Northern District of Texas, and his court, be commanded to disregard the order of removal of the State court, and to dismiss the case out of his court. The application was denied and it was held that the case was properly removed. As this is the latest decision of the Supreme Court of the United States upon the subject, we are constrained to hold that the application to remove in this case should have been granted. The judgment is therefore reversed and the cause remanded for procedure in accordance with this opinion.

*Reversed and remanded.*