LACROIX v. LYONS.[1]

*(Circuit Court, E. D. Louisiana.   March 6, 1886.)*

1. REMOVAL OF CAUSES—REMAND—ALIENAGE OF PARTIES.
   A motion to remand on the ground of the alienage of both parties will be refused in a case removed into the circuit court where the jurisdiction is apparent on the record, because, in such a case, the jurisdiction can only be attacked by sworn plea or exception.

2. SAME—CASE AT LAW AND IN EQUITY.
   Where a case comes from a state court as one case, of which the circuit court has jurisdiction, that court does not lose jurisdiction because one part of the case has to be tried on the equity side, and the other part on the law side, of the court.

On Motion to Remand.
*Ernest T. Florance*, for defendant.
*Ernest B. Knittschnitt*, for plaintiff.

PARDEE, J.   This suit was instituted in the civil district court of the parish of Orleans for an injunction to prevent infringement of a trade-mark. The petition alleged that the plaintiff was an alien citizen of France, and that the defendant was a citizen of one of the United States. An injunction *pendente lite* was issued. The defendant filed

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

an answer denying plaintiff's right to the alleged trade-mark, claimed it for himself, and further set up "that under the law of France of June 23, 1857, entitled '*Sur les marques de fabrique et de commerce*,' plaintiff had no title to said trade-mark in France, and under the treaties of the United States and France no title thereto in the United States." The defendant, besides answering, filed a demand in reconvention for damages for the illegal and wrongful issuance of the injunction, and for damages resulting from the publication thereof, and for attorney's fees; and at the conclusion of the reconventional demand the averment is made that plaintiff resides in the republic of France and defendant in the parish of Orleans. Thereupon the plaintiff filed a petition and bond for removal of the case to this court. In the petition for removal is an allegation that the plaintiff was, at the commencement of the suit, and still is, an alien, a resident and citizen of the French republic, and that the defendant then was and still is a citizen of one of the United States. The state court accepted the bond, and directed the removal of the case.

In this court the transcript has been filed, and the plaintiff has recast his pleading so as to conform to the equity rules of this court; and in the recast bill the averment is again made of alienage of plaintiff, and the citizenship of defendant, and a case is made that in part arises under the laws of the United States. After the transcript was filed in this court the defendant made a motion to remand the cause to the state court on the ground that both plaintiff and defendant were aliens, the one being a citizen of France and the other of Great Britain. This motion was postponed to allow the complainant to recast his pleadings to enable the court to determine whether the case should go on the equity docket or law docket, or both. Since the pleadings were recast the motion to remand is again made on the same ground of alienage of both parties.

This motion is now for decision, and is refused because (1) when a case is once brought in this court with jurisdiction apparent on the record, the jurisdiction should only be attacked by sworn plea or exception. Equity Rules, 31; Circuit Court Rules, No. 7. See *Hoyt* v. *Wright*, 4 Fed. Rep. 168, and the case of *Hartog* v. *Memory*, 116 U. S. 588, S. C. 6 Sup. Ct. Rep. 521. (2) Because if the alienage of both parties is established, still the jurisdiction of the court is apparent on the record, as the case is one arising under the treaties of the United States. See *Railroad Co.* v. *Mississippi*, 102 U. S. 135. (3) Because as the requisite citizenship to warrant a removal to this court was apparent, on the record, the allegation in the petition for removal of the alienage of the plaintiff and the citizenship of the defendant was a useless averment, and did not operate to hinder the removal from being claimed and operative on the ground that the case was one arising under the public treaties of the United States. See section 3, Act 1875. (4) Because if the case were remanded on the ground claimed, it could be at once removed again to this court, and

the court ought not to put the plaintiff to the useless cost and expense when the record shows fully present jurisdiction of the case.

The main contention of the defendant is that, if the case remains in this court, his reconventional demand for damages must go on the law side of this court as an independent case, and will be without our jurisdiction because of the fact that both plaintiff and defendant are aliens. It is conceded that the plaintiff's suit for an injunction and the defendant's demand in reconvention constituted but one case in the state court, and it must follow that it comes here as one case. If it comes here as one case, of which case this court has jurisdiction, then I think it follows that we do not lose jurisdiction because under our practice we try one part of the case with a jury and the other part without. But however this may be, if the case is properly brought here for trial, and we find that we cannot follow the involved practice allowed in the state court, and allow a suit for damages for the illegal issuance of an injunction to be tried in the same case as the injunction suit, nor as a part of the same case, and we find that we have no jurisdiction thereof, we shall have to dismiss the reconventional demand for damages without prejudice. This result will not defeat the plaintiff's right to remove a removable case; perhaps he may have removed the case for the purpose of taking advantage of our different practice. See *Ex parte Fisk*, 113 U. S. 726; S. C. 5 Sup. Ct. Rep. 724.