## SOUTHERN PACIFIC RAILROAD COMPANY *v.* CALIFORNIA.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

Submitted December 11, 1885.—Decided April 26, 1886.

The question whether a State has power to tax franchises of a corporation derived from acts of Congress, and property used in connection therewith: and the question whether a statute of California under the operation of which the railroad of the Southern Pacific Railroad Company is subjected to taxation in California without deduction of its mortgage encumbrances, while in the valuation of the property of other corporations not railroad corporations, and of individuals for taxation in the State, the mortgage encumbrances are deducted is repugnant to the XIVth Amendment of the Constitution—are questions arising under the Constitution and laws of the United States, which, when properly raised in a suit at law or in equity of a civil nature pending in a State court, authorize its removal into a Circuit Court of the United States; and this, although other issues, not Federal, are raised by the pleadings in the case.

A suit brought by the State of California in one of its own courts against the Southern Pacific Railroad Company to recover an amount claimed to be due for taxes, is a suit at law, of a civil nature, within the meaning of the removal clauses in the act of March 3, 1875.

*Railroad Co.* v. *Mississippi,* 102 U. S. 135, affirmed and applied.

*Starin* v. *New York,* 115 U. S. 248, affirmed and applied.

The case is stated in the opinion of the court.

*Mr. George H. Smith* and *Mr. S. W. Sanderson* for plaintiff in error.

*Mr. R. M. Widney* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a suit brought by the State of California, in one of its own courts, against the Southern Pacific Railroad Company to recover $31,470.58 claimed to be due for taxes. The railroad company answered the complaint, setting up, among others, the following defences:

1. That under and by virtue of the acts of Congress of July 27, 1866, 14 Stat. 292, ch. 278; March 3, 1871, 16 Stat. 573, ch. 122; and May 2, 1872, 17 Stat. 59, ch. 132, the defendant " became, and ever since has been, a Federal corporation, and has held its franchises and exercised all its corporate powers under the government of the United States;" or " if, by virtue of the several acts of Congress . . . referred to, it did not become a Federal corporation, yet it holds under the government of the United States all the corporate powers and franchises granted to it by the said several acts of Congress as the trustee for the government, and for the governmental uses and purposes specified in said acts;" " that the government of the United States has never given to the State of California the right to lay any tax upon the franchise, existence, or operations of defendant;" that the " value of all the franchises held and corporate powers exercised by defendant under said acts of Congress" were included in the valuation of the property of the company upon which the taxes sued for were assessed, and that by reason of the premises the taxes are illegal and void.

2. That the property of the company for which the taxes sued for were levied was, and is, encumbered by a mortgage securing an indebtedness of the railroad company exceeding $3000 a mile, and that it was valued for taxation without deduction on account of such encumbrance, because such was the requirement of the statute with respect to railroad corpora-

tions owning railroads within the State, and operated in more than one county, and this corporation was, and is, of that class.

3. That the statute under which the taxes were levied is repugnant to Art. XIV. of the Amendments of the Constitution of the United States, inasmuch as it deprives railroad corporations of the State operated in more than one county of the equal protection of the laws, 1, by providing that the property of such corporations shall be valued for taxation to them without deduction on account of mortgage encumbrances, while the mortgaged property of other corporations and of natural persons is taxed to its owner only on its value after the value of the mortgage has been deducted ; and, 2, by failing to provide a tribunal for the correction of errors in the valuation of the property of such railroad corporations for taxation, when such a tribunal is provided for all other corporations and for natural persons.

4. That the statute is still further repugnant to the same amendment, because it deprives such corporations of their property without due process of law, there being no provision for notice to them of a time, place, or tribunal for a hearing in defence of their rights in the valuation of their property for taxation.

Upon the filing of this answer, the railroad company presented its petition, accompanied with the necessary security, for the removal of the suit to the Circuit Court of the United States for the District of California, under the act of March 3, 1875, 18 Stat. 470, ch. 137, on the ground that the action "is a suit at law of a civil nature and arising under the Constitution and laws of the United States." This petition was filed in time. The State court proceeded with the suit notwithstanding the petition, and gave judgment against the railroad company for the full amount of the tax and the statutory penalty. From this judgment the corporation appealed to the Supreme Court, where the only question presented for decision was "whether the Federal Constitution and the act of Congress authorized a removal of an action from a State to a Federal court brought by a State to recover taxes levied under its laws

on the property of a being created by its power in one of its own courts." This question was decided against the corporation, and the judgment of the court below affirmed. To this judgment of affirmance the present writ of error was brought on the allowance of the Chief Justice of the Supreme Court of the State.

In *Railroad Co.* v. *Mississippi*, 102 U. S. 135, 141, it was decided that a suit brought by a State in one of its own courts against a corporation of its own creation can be removed to the Circuit Court of the United States, under the act of March 3, 1875, if it is a suit arising under the Constitution or laws of the United States, although it may involve questions other than those which depend on the Constitution and laws. The case of *Ames* v. *Kansas*, 111 U. S. 449, is to the same effect; and in *Starin* v. *New York*, 115 U. S. 248, 257, it was stated, as the effect of all the authorities on the subject, that if, from the questions involved in a suit, " it appears that some title, right, privilege, or immunity, on which the recovery depends, will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the Constitution or laws of the United States, within the meaning of that term as used in the act of 1875; otherwise not."

Applying these rules, which must now be considered as settled, to the present case, it is apparent that the court below erred in deciding that the suit was not removable; for it distinctly appears that the right of the State to recover was made by the pleadings to depend, 1, on the power of the State to tax the franchises of the corporation derived from the acts of Congress, which were specially referred to, as well as the property used in connection therewith, and, 2, on the effect of Art. XIV. of the Amendments of the Constitution on the validity of the statutes under which the taxes sued for were levied. The first depended on the construction of the acts of Congress, and the second on the construction of the constitutional amendment. If decided in one way the State might recover, if in another it would be defeated, at least in part. The right of removal does not depend upon the validity of the claim set up under the Con-

stitution or laws. It is enough if the claim involves a real and substantial dispute or controversy in the suit. In this case there can be no doubt about that. The Circuit Court of the United States for the District of California has already decided more than once, in other cases involving precisely the same questions, that the statute on which the recovery depends was unconstitutional and void, and some of these cases are now pending here on writs of error. Already much time has been devoted in this court to their argument under special assignments.

The judgment of the Supreme Court is reversed and the cause remanded, with directions that it be sent back to the Superior Court of Los Angeles County for removal to the Circuit Court of the United States, in accordance with the prayer of the petition filed for that purpose.

*Judgment reversed.*