SUPREME LODGE OF KNIGHTS OF PYTHIAS OF THE WORLD v. HILL.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1896.)

No. 150.

1. REMOVAL OF CAUSES—CORPORATIONS.
    Corporations created by acts of congress are entitled to remove to the federal courts suits brought against them in the state courts on the ground that such suits are suits "arising under the laws of the United States."

2. APPEAL—REVIEW—MOTIONS FOR NEW TRIAL.
    The action of a circuit court in refusing to set aside the special findings of a jury to questions in writing submitted to it, and in overruling a motion to set aside a verdict and grant a new trial, cannot be reviewed in a circuit court of appeals.

In Error to the Circuit Court of the United States for the District of West Virginia.

This was an action of trespass on the case in assumpsit in the circuit court of Wood county, W. Va., by Ellen M. Hill against the Supreme Lodge of Knights of Pythias of the World, to enforce the payment of a policy of life insurance issued by the endowment rank of that order upon the life of Arthur E. Hill, in favor of the plaintiff. By petition of the defendant the case was removed to the circuit court

of the United States for the district of West Virginia.　From a judgment in favor of the plaintiff, defendant appealed.

Smith D. Turner, H. P. Camden, and J. F. Hutchinson, for plaintiff in error.

J. G. McCluer, for defendant in error.

Before GOFF and SIMONTON, Circuit Judges, and HUGHES, District Judge.

GOFF, Circuit Judge.　The Endowment Rank of the Order of Knights of Pythias, on the 23d day of July, 1888, issued to Arthur E. Hill a policy of insurance for the sum of $3,000, payable, in case of the death of the said assured, to Ellen M. Hill, his wife.　The said Arthur E. Hill died on the 6th day of November, 1893, and, the defendant below refusing to pay the said sum of $3,000, Ellen M. Hill, on the 26th day of March, 1894, instituted this suit of trespass on the case in assumpsit in the circuit court of Wood county, W. Va. It is set forth in the declaration filed in the case that the plaintiff is a citizen of the state of West Virginia, and that the defendant was duly incorporated in pursuance of the provisions of an act of congress.　On the 9th day of April, 1894, the defendant filed its petition in said court, asking that the cause might be removed into the circuit court of the United States for the district of West Virginia, and on the 16th day of June, 1894, the defendant below presented a duly-authenticated transcript of the record from said state court, and on its motion an order was entered docketing this cause in the circuit court of the United States for the district of West Virginia. On the 10th day of July, 1894, in the circuit court of the United States at Parkersburg, the defendant demurred to the plaintiff's declaration, and to each count thereof, which demurrer the court overruled, whereupon the defendant pleaded nonassumpsit, on which issue was joined.　On the 2d day of March, 1895, the defendant also filed its special plea in writing, in which the contract of insurance and the particulars of defense to the plaintiff's action were set out. This special plea recited the application of Hill to become a member of the Endowment Rank of the Knights of Pythias, and also his declaration and agreement to abide by the constitution and by-laws of the said order that were then in existence, or that might thereafter be enacted, and to submit to all penalties and forfeitures contained therein.　It also included the addition to section 1 of article 6 of the constitution, providing, in effect, that if the death of any member of the endowment rank should result from self-destruction, whether such member was sane or insane at the time, in such case the certificate issued to such member, and all the claims against the endowment rank on account of such membership, should be forfeited.　It also set up as a fact that the death of said Hill resulted from his own self-destruction, by shooting himself with a pistol, at his residence, in Parkersburg, and alleged the forfeiture of the certificate of membership thereby.　Plaintiff, to this special plea, filed a special replication in writing, to the filing of which the defendant objected, which objection the court overruled, whereupon the de-

fendant rejoined generally to said replication, and also tendered a special rejoinder thereto. We do not find it necessary, for reasons that will be stated hereafter, to further set out the pleadings in the court below. The defendant moved to remand the case to the court from whence it came, for the reason that it had been improperly removed, and because the court below was without jurisdiction of the same, which motion was overruled. On the 4th day of March, 1895, while the case was being tried, the court, on motion of the defendant, submitted to the jury, under the provisions of the Code of West Virginia, questions relating to the defense of suicide, which had been pleaded and were relied upon by the defendant; and, after all the evidence had been heard, sent the jury to their room to consider the same. The questions so submitted, and the answers of the jury thereto, are as follows, to wit:

(1) Did Arthur E. Hill die from the effects of a pistol wound in his head? Ans. Yes. (2) On which side of the head was such wound? Ans. Right side. (3) With what kind of a pistol was the wound inflicted,—with a revolver or a single-barreled pistol? Ans. Unknown. (4) Where was the pistol when it was first discovered after the shooting? Ans. A revolver was found in the right hand of the deceased. (5) From all the evidence in the case, did the deceased shoot himself with that pistol or otherwise? Ans. Evidence not sufficient to show that he shot himself. (6) Is there evidence tending to prove that A. E. Hill was shot by another person, and not by himself? Ans. Not sufficient to prove by whom or how. (7) Can you say, from all the evidence, that A. E. Hill's death was accidental? Ans. No evidence to the contrary. (8) Was the blood from the wound still flowing when the room was entered? Ans. No evidence on that point. (9) How was the pistol held, and in which hand, when the deceased was first seen by one of the neighbors after the shot? Ans. A revolver was found held in the right hand by the stock, with the hand resting on his breast. (10) At what time in the day, and on what day, was the injury inflicted by the deceased on himself? Ans. The injury was inflicted between 6 and 8 o'clock a. m., November 6, 1893, but by whom it is unknown to the jury.

The defendant moved the court to set aside the said special findings and answers of the jury, because they were not warranted by the evidence, and not responsive to the said questions, which the court declined to do. The defendant asked the court to give the jury four certain instructions, but the court rejected three of them, and gave the other as requested. The jury afterwards rendered a verdict for the plaintiff for the sum of $3,210, the full amount of principal and interest claimed by her, which the defendant moved the court to set aside, and grant it a new trial; but the motion was overruled, and judgment duly entered against the defendant for said sum and costs, whereupon the writ of error we are now considering was sued out.

The first error assigned is to the action of the court in overruling the demurrer to the plaintiff's declaration. The grounds of the demurrer were that the circuit court of the United States had no jurisdiction of this case, that it did not properly present a federal question, and that the same was shown by the declaration itself, and also that there was no cause of action set forth in either count thereof. It should be remembered, in this connection, that this cause was removed from the state court on the petition of the de-

fendant, in which it was alleged that said defendant was a corporation duly formed, organized, and created by and under the laws of the United States, and also that the declaration as filed in the state court recited that the defendant was duly incorporated under an act of congress. This assignment of error is without merit, as it is plain that the demurrer was properly overruled by the court below. The supreme court of the United States has decided that corporations of the United States, created by and organized under acts of congress, are entitled to remove into the circuit court of the United States suits brought against them in the state courts, on the ground that such suits are suits "arising under the laws of the United States." Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113; Butler v. National Home, 144 U. S. 64, 12 Sup. Ct. 581. That court also entertained and decided a writ of error in the case of Knights of Pythias v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, which had been removed from a state court, in the Eastern district of Louisiana, to the circuit court of the United States for that district, upon the petition of the said Knights of Pythias, in which it was alleged that it was a corporation created by and organized under an act of congress.

The assignment of error relating to the refusal of the court to give the instructions asked for by the defendant, and in permitting the plaintiff to reply specially to the defendant's special plea, and to offer certain testimony in support of said reply, we do not find it necessary to consider, for the reason that the questions raised by such instructions and such action of the court were, in effect, disposed of, and the interests of the defendant therein fairly presented to the jury by the special plea which the court permitted the defendant to file, and by the testimony offered in support thereof. The trial judge most undoubtedly was, at the time he so ruled, and so charged the jury, governed in his action by the facts we have just alluded to. Then, again, the questions which, at the request of the defendant, had been submitted to and answered by the jury, had direct bearing upon many of the points intended to be raised by the instructions refused by the court.

The remaining assignments of error relate to the refusal of the court to set aside the special findings of the jury to the questions in writing submitted to it, and in overruling a motion to set aside the verdict and grant a new trial. As we have before frequently said, such action on the part of a trial judge cannot be reviewed in this court. Upon this question, see the case of Prichard v. Budd (decided during our present term) 76 Fed. 710. It should be observed that there was no assignment of error on the refusal of the court below to remand the case to the state court on the motion of the defendant.

The jury having found the facts to be as stated in the answers to the special questions submitted, and the court which heard the evidence and conducted the trial having been satisfied with such findings, and having refused to disturb the same, this court must conclude that the defendant below (the plaintiff in error here) is without

just ground of complaint concerning them, and that substantial justice has been done the parties to this controversy. We find no error in the proceedings complained of, and the judgment is affirmed.