SUPREME LODGE, KNIGHTS OF PYTHIAS, v. ENGLAND.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1899.)

No. 1,126.

1. REVIEW—FINDINGS OF FACT.

It is the settled rule of the supreme court and the circuit courts of appeals that, where a case is tried by a federal court without a jury, the sufficiency of the evidence to sustain its general findings of fact cannot be considered by the appellate court.

2. JURISDICTION OF FEDERAL COURTS—FEDERAL CORPORATIONS.

It is not the domicile of a corporation created by an act of congress which confers jurisdiction on the federal courts of suits to which it is a party, but the fact that it was so created, and that any suit by or against it arises under a law of the United States.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

W. M. Hough (W. S. McCain, on the brief), for plaintiff in error.

J. M. Moore and W. B. Smith, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was tried below by the court, a jury having been waived by the parties. There was an agreed statement of facts, and also other evidence. At the close of the evidence the bill of exceptions recites that:

"On this evidence the plaintiff moved for judgment against defendant for the amount of the certificate, $3,000, and interest, which the court gave, over and against the objection of the defendant, to which defendant excepted."

The court made no special findings of fact. There was no demurrer to the evidence, no exceptions to the admission or rejection of evidence, and no declarations of law made by the court, and none asked by the defendant.

It is the settled rule of the supreme court of the United States and of this court that, when a case is tried by a federal court without a jury, the sufficiency of the evidence to sustain its general findings of fact cannot be considered by the appellate court. Hoge v. Magnes, 56 U. S. App. 500, 29 C. C. A. 564, and 85 Fed. 355, and cases there cited; Minchen v. Hart, 36 U. S. App. 534, 18 C. C. A. 570, and 72 Fed. 294. In Lehnen v. Dickson, 148 U. S. 71, 77, 13 Sup. Ct. 481, the supreme court declare with emphasis that:

"The duty of finding the facts is placed upon the trial court. We have no authority to examine the testimony in any case, and from it make a finding of the ultimate facts."

The jurisdiction of the court below is questioned because the plaintiff in error, although created by an act of congress, has its domicile in the District of Columbia. In Supreme Lodge v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, the supreme court failed to dismiss the case for want of jurisdiction; and although it is true, as claimed by counsel, that the question of jurisdiction was not raised, yet the statement of the case shows that it was originally brought in a state court, and removed to the federal court upon the ground that it was a federal corporation. The supreme court does not have to be moved

to notice a question of jurisdiction. It is always on the alert for that question, and is quick to dismiss a case of which the lower court had no jurisdiction. It is highly improbable that the court overlooked the question. In Supreme Lodge v. Hill, 42 U. S. App. 200, 22 C. C. A. 280, and 76 Fed. 468, the court of appeals for the Fourth circuit held, and we think rightly, that the federal courts could entertain jurisdiction of suits against this corporation because it was created by an act of congress. It is not the domicile of a corporation created by an act of congress which confers the jurisdiction upon the federal courts, but the fact that it has been so created; and any suit by or against it arises under a law of the United States, and is therefore within the jurisdiction of those courts, under the present ruling of the supreme court of the United States. The judgment of the circuit court is affirmed.