### CANARY OIL CO. v. STANDARD ASPHALT & RUBBER CO.

(Circuit Court, D. Kansas, Third Division.   September 22, 1909.)

#### No. 533.

1. REMOVAL OF CAUSES (§§ 19, 14*)—GROUNDS—CONTROVERSY ARISING UNDER LAWS OF UNITED STATES—CORPORATIONS—ORGANIZATION IN INDIAN TERRITORY.

Where plaintiff, a corporation, sued defendant in a state court and alleged that it was, and at all times had been, a corporation created, organized, and existing under an act of Congress approved February 18, 1901, entitled "An act to put in force in the Indian Territory certain provisions of the laws of Arkansas relating to corporations" (Act Feb. 18, 1901, c. 379, 31 Stat. 794), and it appeared that plaintiff was organized as a corporation in the Indian country under the Arkansas laws made applicable

---

thereto by such act of Congress, plaintiff was a corporation existing under an act of Congress, so that the action was one necessarily arising under and involving the Constitution and laws of the United States, and it being alleged that plaintiff's true place of business and correct post office address was "Independence, Kan.," within the division of the district to which the cause was removed, it might have been originally commenced in that court, and was therefore removable there.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 46, 35; Dec. Dig. §§ 19, 14.*]

2. REMOVAL OF CAUSES (§ 11*)—GROUNDS OF REMOVAL.

A cause of action cannot be removed to a federal court as involving the Constitution or laws of the United States unless it might have been originally brought there.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29–31; Dec. Dig. § 11.*]

Action by the Canary Oil Company against the Standard Asphalt & Rubber Company. Defendant having removed the case to the federal court, plaintiff moved to remand. Motion denied.

S. H. Piper, J. B. Tomlinson, and Wagstaff & Chandler, for complainant.

Scarritt, Scarritt & Jones, for defendant.

POLLOCK, District Judge. The facts necessary to a decision of the controversy presented by this motion are these:

The plaintiff commenced its action at law in Montgomery county, this state, and procured the issuance and levy of a writ of attachment against the property of the defendant. In its petition plaintiff makes the following allegations as to its incorporation and the incorporation and citizenship of the defendant:

"That it now is, and was at all of the times hereinafter mentioned, a corporation created, organized, and existing under and by virtue of an act of Congress approved February 18, 1901 [Act Feb. 18, 1901, c. 379, 31 Stat. 794], entitled 'An act to put in force in the Indian Territory certain provisions of the laws of the state of Arkansas relating to corporations.' That its true place of business and its correct post office address are Independence, Kan. That the defendant, Standard Asphalt & Rubber Company, now is, and was at all of the times hereinafter mentioned, a corporation created, organized, and existing under and by virtue of the laws of the state of New Jersey."

In due form and proper time defendant filed its petition and bond for removal of the cause into this court, which was done. The plaintiff moves to remand. This motion has been presented in oral argument and submitted on briefs of counsel for the respective parties for decision. The sole question presented is this: Does the plaintiff owe its existence to an act of the Congress of the United States as contradistinguished from the laws of a territory of the United States, for, if so, this is a controversy arising under the Constitution and laws of the United States and was removable from the state court. Butler v. National Home for Soldiers, 144 U. S. 64, 12 Sup. Ct. 581, 36 L. Ed. 346; Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Knights of Pythias v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, 41 L. Ed. 163; Texas & Pacific Railway Company et al. v. Eastin & Knox (decided by the Supreme Court May 17, 1909) 214 U. S.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

153, 29 Sup. Ct. 564, 53 L. Ed. 946. If, however, the plaintiff was not created by act of Congress, but under territorial laws, the case was not removable, and motion must be sustained. Maxwell v. Federal, etc., Co., 155 Fed. 110, 83 C. C. A. 570, and cases cited.

In my opinion plaintiff was created, organized, and owes its existence to an act of Congress, and not to a territorial law, and for this reason: Corporations of necessity are purely creatures of the law. Without law no corporation can exist. Prior to the 18th day of February, 1901, when Congress put in force in the Indian country certain provisions of the statutes of the state of Arkansas relating to the formation and regulation of corporations, the plaintiff could not have been created in that country, for, as statutes of the state of Arkansas merely, they had no force outside of the territorial limits of that state. The Indian country, sometimes in common parlance called the Indian Territory, possessed none of the powers of government ordinarily conferred by Congress on the territories of the United States created by congressional enactment, as did the territory of Oklahoma and others. The Indian country was unorganized territory of the United States over which the national government had exclusive dominion and control and over which the Congress alone had the power to legislate. In this condition of affairs, the Congress deemed it proper to permit the organization of certain corporations in that country on such terms and under such restrictions as it might impose. For this purpose it adopted and put in force in the Indian country by the act in question certain provisions of the statutory law of the state of Arkansas. No doubt the thought which impelled this action was the familiarity of the people of the Indian country with the laws of the neighboring state of Arkansas. No power but that possessed by Congress could have done this, and when done the act was to all intent and for all purposes as much an act of Congress as is the act of the Legislature of a state an enactment of that state when it adopts and puts into force the laws of a sister state on any given subject; or as much a law of the state as when it legislates directly and independently with reference to any given matter. As tending to support this view of the case, see In re Grayson, 3 Ind. T. 497, 61 S. W. 984; Late Corporation, etc., v. U. S., 136 U. S. 44, 10 Sup. Ct. 792, 34 L. Ed. 478; U. S. v. McMillan, 165 U. S. 504, 17 Sup. Ct. 395, 41 L. Ed. 805; Spokane Falls, etc., R. Co. v. Ziegler, 167 U. S. 65, 17 Sup. Ct. 728, 42 L. Ed. 79; Utter v. Franklin, 172 U. S. 416, 19 Sup. Ct. 183, 43 L. Ed. 498.

However, it is contended by plaintiff Congress does not possess the power to create by direct enactment a private corporation such as is plaintiff; hence, of necessity, it must be a territorial corporation.

As has been seen, the Indian country was under the exclusive control of Congress; it possessed no power of legislation either independent of or dependent upon the authority of Congress; hence for plaintiff to deny the power of Congress to enact the law under which it was organized would be to deny the source and power of its own creation and existence.

Again, it is contended the case of Daly v. National Life Insurance Company, 64 Ind. 1, is directly in point and opposed to the conclusion here reached.

It is true, in that case, the Supreme Court of Indiana held the National Life Insurance Company, although created by Congress as a life insurance company in the District of Columbia, to be a corporation of the district, and not one created by Congress. This decision is only persuasive here and is certainly opposed in so far as applicable to the decisions of the federal courts. See Supreme Lodge Knights of Pythias v. Kalinski, supra; Same v. Wilson, 66 Fed. 785, 14 C. C. A. 264; Same v. Hill, 76 Fed. 468, 22 C. C. A. 280.

Again, it is contended the case of United States v. Pridgeon, 153 U. S. 48, 14 Sup. Ct. 746, 38 L. Ed. 631, is opposed to the conclusion here reached. In that case Congress by act of May 2, 1890 (Act May 2, 1890, c. 182, 26 Stat. 81) created the territory of Oklahoma, defined its boundaries, enacted a territorial form of government for it, and put in force in the territory so created the Criminal Code of the state of Nebraska so far as applicable until the date of the adjournment of the first territorial Legislature, and it was there held, adopting the views of the territorial Supreme Court in Ex parte Larkin, 1 Okl. 53, 25 Pac. 745, 11 L. R. A. 418, that an offense committed against the provisions of the Criminal Code of Nebraska during the term it was so in force was an offense against the laws of the territory, triable in the territorial courts, and not an offense against the laws of the general government, triable in its courts, or in territorial courts sitting with the powers of a federal court.

However, to my mind, the doctrine there announced is not applicable here, and for this reason: Congress by the organic act creating the territory of Oklahoma had made provision for its local self-government through power exercised by its executive, legislative, and judicial branches. It had created territorial courts and conferred upon them jurisdiction and the exercise of judicial power, but had prescribed no rule of procedure therein, and had not defined what acts should be punishable in such courts. This was left to the legislative branch of the territory created. However, of necessity, some time must elapse before a Legislature could be chosen in conformity to the provisions of the act, assemble and perform its duties. Therefore the Congress provided such acts as constituted an offense against the laws of Nebraska, when done in that state, done in the territory so created, should constitute an offense against the laws of the territory, be triable by and punishable in its courts. Here, as has been seen, Congress conferred no powers of self-government on the Indian country. It remained unorganized. Congress retained and exercised all such powers directly, and in so doing permitted the creation of plaintiff as a corporation in the Indian country where theretofore no such right existed under the provisions of the statutes of Arkansas adopted for such purpose in that country. In other words, in authorizing the incorporation of plaintiff, Congress was legislating directly covering a subject-matter over which it had exclusive and absolute power; but in establishing the Criminal Code of Nebraska in Oklahoma Territory Congress was legislating for a temporary purpose for one branch of an agency it had created by the organic act, merely doing what that one branch of the agency it had created would have done had it been possible for it to meet and act. What was done was for and in the place and stead of the exercise of

a power theretofore conferred on one department of an agency not yet organized for action.

Again, it is contended this case cannot be removed into this court because it could not have been originally instituted in this court. It is true, if this case could not have been originally instituted in this court, it cannot be removed here. Traction Company v. Mining Company, 196 U. S. 239, 25 Sup. Ct. 251, 49 L. Ed. 462; Cochran v. Montgomery County, 199 U. S. 260, 26 Sup. Ct. 58, 50 L. Ed. 182. But, as has been seen, plaintiff was created under and in pursuance of an act of Congress, and as such derives all its rights, even to the extent of its very existence, from the Constitution and laws of the United States. Hence a right of action asserted by it arises under and involves the Constitution or laws of the United States. And, as in its petition it alleges "its true place of business and its correct post office address are Independence, Kan.," which is within this division of this district, I am convinced from the opinion of the Supreme Court in the very recent case of In re Dunn (decided by that court February 23d of this year) 212 U. S. 374, 29 Sup. Ct. 299, 53 L. Ed. 558, it might have originally commenced this suit in this court.

The motion to remand is therefore overruled.