### ATLANTIC CORPORATION v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, D. New Hampshire. January 12, 1923.)

No. 109.

1. **Removal of causes** ⬤⟳19(8)—**Suit against Emergency Fleet Corporation held removable as "suit arising under law of United States."**

A suit against the Emergency Fleet Corporation, based on a contract made by it for the construction of vessels, is removable under Judicial Code, § 28 (Comp. St. § 1010), as one "arising under the laws of the United States," since defendant owes its creation and its power to make the contract to a law of Congress.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise—Arising.]

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. Removal of causes ⊙➟19(1)—Diversity of citizenship not essential to right of removal.

Suits removable under the second clause of Judicial Code, § 28 (Comp. St. § 1010), are not limited to those of which the federal court is given original jurisdiction, but include suits in which that court has jurisdiction of the subject-matter and where the defendant is a nonresident of the state.

3. Removal of causes ⊙➟19(8)—Emergency Fleet Corporation may remove cause.

The fact that the Emergency Fleet Corporation is incorporated in the District of Columbia does not deprive it of the right of removal under Judicial Code, § 28 (Comp. St. § 1010).

4. Removal of causes ⊙➟12—Suit may be removed, though neither party is resident of district.

A nonresident defendant is not deprived of the right to remove a cause into the District Court of the district in which the suit is brought, because the plaintiff is not a citizen or an inhabitant of the district.

5. Courts ⊙➟489(10)—Federal or state court has jurisdiction of suit against Emergency Fleet Corporation.

The Emergency Fleet Corporation is subject to suit in a state or federal court.

In Equity. Suit by the Atlantic Corporation against the United States Shipping Board Emergency Fleet Corporation. On motion by complainant to remand to State Court, and motion by defendant to dismiss bill. Both motions denied.

Tyler, Tucker, Eames & Wright, of Boston, Mass., for plaintiff.
R. U. Smith, U. S. Atty., of Concord, N. H., for defendant.

MORRIS, District Judge. This is an action brought by the plaintiff in the superior court for Rockingham county, N. H., against the defendant, to settle the differences arising between the parties under a contract entered into between them December 1, 1917, and a certain supplementary contract dated January 10, 1918, in amendment thereof. The contract provided for the construction by the plaintiff of 10 vessels to be owned by the defendant.

In its essential features the action is a bill for an accounting between the parties.

The original bill of complaint was filed May 3, 1921, and removed to this court June 8, 1921. On June 10, 1921, the plaintiff filed a motion to remand.

The plaintiff is a corporation organized under the laws of the state of Maine. The defendant is a corporation organized under the laws of the District of Columbia.

The questions arising on the motion to remand were elaborately argued in the summer of 1921, before Judge Aldrich, just prior to his final sickness. Since Judge Aldrich's death, there has been a reargument of the case before me.

While the arguments of counsel are lengthy, and the questions involved are discussed from many different angles, reduced to a common denominator and to their lowest terms, they may be briefly stated as follows:

The defendant claims the right to remove the case on two essential grounds:

(1) Because the action is one arising *under the laws of the United States.*
(2) *Because of diversity of citizenship.*

The right of removal being established, then the defendant says this court should dismiss the action, because it is in reality a suit against the United States, that can be maintained only in the Court of Claims.

The plaintiff, in support of its motion to remand, says:

(1) It is not a suit arising under the laws of the United States, because the defendant corporation is organized under the laws of the District of Columbia, and capable of suing and being sued as any other private corporation.

(2) The defendant, being organized under the laws of the District of Columbia, is not a resident of any state, and therefore there is no diversity of citizenship, within the meaning of section 28 of the Judicial Code.

(3) Neither of the parties to the action being a citizen or resident of the District of New Hampshire, this court has no jurisdiction of the parties on removal.

In answer to defendant's motion to dismiss, the plaintiff says the action is not one brought against the United States, and cognizable only by the Court of Claims, because the defendant is a private corporation, a separate entity, organized by authority of the United States, but not under the laws of the United States.

### Right of Removal.

*Defendant's Claim No. 1.*

[1] Is this a suit "of a civil nature, at law or in equity, arising under the * * * laws of the United States, * * * of which the District Courts of the United States are given original jurisdiction," within the meaning of section 28 of the Judicial Code? I think it is. The subject-matter is a contract entered into during the period of the war for the construction of vessels. While the defendant corporation is organized under the laws of the District of Columbia, it owes its inception to an act of Congress. Shipping Act 1916, § 11 (Comp. St. § 8146f). Further, its powers and duties are in the main regulated by said act. Its right to enter into contracts for the construction of vessels is derived from section 11 of the Shipping Act, and the section entitled "Emergency Shipping Fund," in the act of Congress approved June 15, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115$^{1}$/₁₆d), delegated to the defendant by executive order of July 11, 1917.

Its powers and duties so far depend on acts of Congress as to bring it within the provisions of section 28 of the Judicial Code. Pacific Railroad Removal Cases, 115 U. S. 1, 13, 5 Sup. Ct. 1113, 29 L. Ed. 319.

### Diversity of Citizenship.

*Defendant's Claim No. 2.*

[2] The amount involved in the litigation is far in excess of the jurisdictional amount, $3,000.

The plaintiff claims that, the defendant being a corporation organized under the laws of the District of Columbia, and the District of Columbia not being a state, there is no diversity of citizenship within the meaning of the Judicial Code.

For this position it cites and relies on the case of Hepburn v. Ellzey, 2 Cranch, 445, 2 L. Ed. 332.

Section 28 of the Judicial Code (Comp. St. § 1010), relating to the removal of causes, is worded as follows:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being *nonresidents* of that state."

It will be noticed that the first paragraph of the above-quoted section relates to the removal of causes of which the District Courts *"are given original jurisdiction."*

This portion of section 28 apparently refers to section 24 of the Judicial Code (Comp. St. § 991), which provides that the District Courts shall have *original jurisdiction* in suits of a civil nature, at common law or in equity, that—

"(a) Arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens, or subjects."

The last paragraph of section 28 refers to the removal of *"any other suit* of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction." This can only refer to cases other than those of which the District Courts are given *original jurisdiction.*

It apparently refers to cases in which the District Courts are given jurisdiction of the subject-matter of the suit, but which could not have been brought *originally* in such courts in the particular district. The right of removal may exist in cases that could not have been brought originally in the district. Such seems to be the effect of the decision in the case of General Investment Co. v. Lake Shore & Michigan Southern Railroad, 43 Sup. Ct. 106, 67 L. Ed. —— (November 27, 1922).

The present case is to be distinguished from the case of Hepburn v. Ellzey. That was an action brought originally in the Circuit Court for the District of Virginia by a citizen of the District of Columbia, and was governed by section 24 of the Judicial Code, which provides that the District Court shall have original jurisdiction between citizens of *different states.*

It does not go so far as to hold that if the plaintiff, Hepburn, had been sued in the district of Virginia by an action brought in the state court, he would have had no right of removal. I do not feel that the Hepburn Case is controlling in the instant case.

The case of Sloane Shipyard Corporation v. United States Ship-

286 F.—15

ping Board Emergency Fleet Corporation, 258 U. S. 549, 42 Sup. Ct. 386, 66 L. Ed. ——, decided May 1, 1922, was a case against this same defendant, carried up on appeal from the District Court for the Western District of the State of Washington. The precise point raised in the Hepburn Case does not seem to have been raised in that case, but it is unbelievable that so important a legal point should have been overlooked by counsel and the Supreme Court, if there was any merit in it.

The precise point was raised in the case of Hill v. United States Shipping Board Emergency Fleet Corporation, 284 Fed. 398, decided by Circuit Judge Mack in the Southern district of New York June 30, 1922.

It will be noted that the jurisdiction of the District Court was sustained. The opinion is a memorandum opinion, without any extended discussion by the learned judge of the precise points raised.

Many other cases have been called to our attention, wherein the Fleet Corporation was a party defendant, in which the jurisdiction of the District Courts has been sustained. ·

[3] Following the dictum of Mr. Justice Holmes in the case of Sloane Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, and what appears to have been practically a universal ruling of District Judges in cases brought against the corporation, I hold that the defendant is not barred from removing the cause of action against it because of the fact that it is a citizen or resident of the District of Columbia.

[4] The plaintiff claims that the action should be remanded to the state court, because neither the plaintiff nor the defendant is a citizen of the district of New Hampshire. It is argued, because of this fact, that this court has no jurisdiction.

This argument ignores the distinctions between section 24 and the last part of section 28 of the Judicial Code. Section 24, which is the section defining the original jurisdiction of District Courts, makes the right of action depend on citizenship in *different states.* The last paragraph of section 28, the removal statute, provides a right of removal if the defendant is a nonresident of the state wherein the action is brought. If the subject-matter of the litigation is cognizable by a District Court, it can be removed under section 28, even though the parties are neither of them residents of the judicial district in which the action is brought. The only requisite is that the defendant shall be a nonresident.

Section 24 is jurisdictional. Section 51 of the Judicial Code (Comp. St. § 1033), which provides that a defendant shall not be sued elsewhere than in the district "whereof he is an inhabitant," relates solely to the venue in suits originally begun in the District Court, and is obviously intended for the protection of the defendant.

If a defendant had no right of removal because of the provisions of section 51, a corporation doing business in several states could, at the option of the plaintiff, be prevented from removing a cause merely by bringing his action in some state other than that in which the defendant was incorporated, and what was intended as a protection

would thereby be turned against it and used to its disadvantage. While a defendant may not be sued originally in a federal district other than that of his residence, if such an action is brought in a state court, he is not to be deprived of the right to remove it to the federal district wherein it is brought. It has often been held that by removing the action he thereby waives any objection he may have to the jurisdiction of that particular District Court.

In the case of Kansas City Railway Co. v. Lumber Co. (C. C.) 37 Fed. 3, Judge Brewer, then Circuit Judge, said:

"Any suit is removable of which any federal Circuit Court might take jurisdiction, and the mere fact that the defendant could have successfully objected to being sued in any one or more particular federal courts does not destroy the general jurisdiction of the federal courts, or prevent its removal. * * * It is enough to say that we hold that the fact that both parties are nonresidents of this district does not oust this court of jurisdiction in a case removed from the state court by a nonresident defendant."

In the case of St. Louis & San Francisco Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659, it is said:

"The right to insist upon suit only in the one district is a personal privilege which he [defendant] may waive, and he does waive it by pleading to the merits."

Ex parte Wisner, 203 U. S. 499, 27 Sup. Ct. 150, 51 L. Ed. 264, relied on by the plaintiff, is no longer recognized as an authority. General Investment Co. v. Railway Co., supra.

The plaintiff argues that, even if the federal court has jurisdiction of the subject-matter by reason that the amount in controversy exceeds $3,000, and even conceding that the question of venue may be waived by the defendant, nevertheless, in order to remove the action and empower the District Court to take jurisdiction, the venue must be waived not only by the defendant but by the plaintiff. Venue is waived by the defendant when it files a motion to remove the action from the state courts. The plaintiff has elected to bring its action in a state court within the district of New Hampshire. If the case is one which may be properly removed by the defendant, the assent of the plaintiff is in no wise necessary, because by bringing its action within this federal district he thereby voluntarily submits to the jurisdiction of any court sitting in this state, having jurisdicton of the subject-matter, to which the defendant has the right, and may elect to take it.

I hold that the defendant was within its rights when it removed this action from the superior court in the county of Rockingham, N. H., to the federal District Court in which the county of Rockingham is situated, and that this court has jurisdiction of the action.

[5] The defendant claims that, the case being properly removed and this court having jurisdiction, we should now dismiss the action, because the same is cognizable only by the Court of Claims; it being in effect a suit against the United States. This question has been recently settled by a decision of the United States Supreme Court in the case of Sloane Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, supra, decided May 1, 1922.

It is there held that the defendant is subject to be sued in any state or District Court.

It is therefore unnecessary to further examine the question raised by the defendant's motion to dismiss.

The plaintiff's motion to remand is denied. Defendant's motion to dismiss is denied.