## STATE OF ALABAMA v. ACACIA MUT. LIFE ASS'N.

(District Court, M. D. Alabama, N. D. at Montgomery.)

No. 2220.

**1. Courts** ⬅293—State's suit against corporation organized under special act of Congress held within jurisdiction of District Court, as "arising under laws of United States."

State's suit for taxes against corporation organized under special act of Congress of March 3, 1869, and amendments thereto, with principal office in Washington, D. C., *held* within the jurisdiction of the federal District Court

as a suit "arising under the laws of the United States," within Judicial Code, § 24 (Comp. St. § 991).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise— Arising.]

**2. Evidence** ⬅31—Judicial notice taken that corporation was created and exists under act of Congress.

District Court will take judicial notice that a corporation was created and exists under an act of Congress.

**3. Courts** ⬅379—State's suit for taxes against corporation organized under act of Congress not within original jurisdiction of United States Supreme Court.

State's suit for taxes against corporation chartered and organized under special act of Congress of March 3, 1869, and amendments thereto, *held* not within original jurisdiction of the United States Supreme Court as a controversy of a civil nature in which state is a party, under Judicial Code, § 233 (Comp. St. § 1210); the action being one in law arising under the laws of the United States, and therefore within the jurisdiction of the District Court, and the jurisdiction of the Supreme Court being appellate.

At Law. Action by the State of Alabama against the Acacia Mutual Life Association. On motion to remand to state court. Motion denied.

Chilton & McCoy, of Montgomery, Ala., for the State of Alabama.

John V. Sees, of Washington, D. C., and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, Ala., for defendant.

CLAYTON, District Judge. The state of Alabama brought this action in the circuit court of Montgomery county, Ala., against the defendant, Acacia Mutual Life Association, alleged to be "a corporation of the District of Columbia," and the first count claims $2,798.17, with interest from March 1, 1920; the second, $4,870.85, with interest from March 1, 1921; the third, $5,468.56, with interest from March 1, 1922; and the fourth, the sum of $10,000, with interest from March 1, 1923. The said several sums are for franchise taxes for the respective years of 1919, 1920, 1921, and 1922, under and as provided by schedule 59 of section 361 of the Revenue Act of the state of Alabama of 1919.[1] The defendant removed the case to this court, and in its petition for removal alleged that the matters and amounts in dispute exceeded, exclusive of interest and costs, the sum or value of $3,000; that the suit is of a civil nature; that the defendant is a corporation, chartered and organized under a special act of Congress of March 3, 1869, and the amendments thereto,

[1] Acts 1919, p. 413.

having its "principal place of office" in Washington, D. C.; and that the suit is one arising under the Constitution and laws of the United States.

The plaintiff, the state, now moves that the case be remanded, because, as alleged: "(1) It does not affirmatively appear from the complaint herein filed that the defendant is a federal corporation, nor that the controversy is one arising under the laws of the United States; (2) this cause of action is not a controversy arising under the laws of the United States, nor is the defendant corporation a corporation organized under the laws of the United States; and (3) this action being a civil suit, and the state of Alabama being the plaintiff, and the defendant a corporation of the District of Columbia, the United States Supreme Court has exclusive jurisdiction of this cause under section 233 of the Judicial Code."

[1, 2] This case may be defined as a suit by the state against the defendant, for taxes (Weston v. Charleston, 2 Pet. 449, 464, 7 L. Ed. 481), and the District Court has jurisdiction of it, because it "arises under the * * * laws of the United States" (Judicial Code, § 24 [Comp. St. § 991]), for the defendant is a corporation created by act of Congress (W. & I. R. Co. v. Cœur d'Alene R. & N. Co., 160 U. S. 77, 93, 16 S. Ct. 231, 40 L. Ed. 355), and the citizenship of the defendant, described in the complaint as "a corporation of the District of Columbia," is immaterial (Cohens v. Virginia, 6 Wheat. 264, 393, 5 L. Ed. 257; Cummings v. Chicago, 188 U. S. 410, 426, 23 S. Ct. 472, 47 L. Ed. 525; Lacroix v. Lyons [C. C.] 27 F. 403). It is a little short of a waste of time to say that the defendant is "a corporation of the District of Columbia," and therefore cannot invoke the jurisdiction of the federal court, for this court takes judicial notice that the defendant corporation was created and now exists by and under an act of Congress. 23 R. C. L. p. 648, S. 47; T. & P. R. R. Co. v. Cody, 166 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132; T. & P. R. R. Co. v. Barrett, 166 U. S. 617, 17 S. Ct. 707, 41 L. Ed. 1136; Oregon S. L. & U. N. R. Co. v. Skottowe, 162 U. S. 490, 16 S. Ct. 869, 40 L. Ed. 1048.

In behalf of the motion to remand it is contended that this is not a case arising under the laws of the United States, because the defendant is a resident corporation of the District of Columbia, and as such is distinguished from corporations created under the general powers of Congress as federal agencies and the like. I think the adjudg-

ed cases have settled the law against this contention.

The Supreme Lodge, K. of P., is a corporation of the District of Columbia organized under special act of Congress for the purpose of doing an insurance business. So far as the question here is concerned, its essential features are like those of the defendant. Such question here involved was decided by the Circuit Court of Appeals, Eighth Circuit, in Supreme Lodge, K. P., v. England, 94 F. 369, 36 C. C. A. 298, where the court said:

"The jurisdiction of the court below is questioned because the plaintiff in error, although created by an act of congress, has its domicile in the District of Columbia. In Supreme Lodge v. Kalinski, 163 U. S. 289, 16 S. Ct. 1047, 41 L. Ed. 163, the Supreme Court failed to dismiss the case for want of jurisdiction; and although it is true, as claimed by counsel, that the question of jurisdiction was not raised, yet the statement of the case shows that it was originally brought in a state court, and removed to the federal court upon the ground that it was a federal corporation. The Supreme Court does not have to be moved to notice a question of jurisdiction. It is always on the alert for that question, and is quick to dismiss a case of which the lower court had no jurisdiction. It is highly improbable that the court overlooked the question. In Supreme Lodge v. Hill, 42 U. S. App. 200, 22 C. C. A. 280, and 76 F. 468, the Circuit Court of Appeals for the Fourth Circuit held, and we think rightly, that the federal courts could entertain jurisdiction of suits against this corporation because it was created by an act of Congress. It is not the domicile of a corporation created by an act of Congress which confers the jurisdiction upon the federal courts, but the fact that it has been so created, and any suit by or against it arises under a law of the United States, and is therefore within the jurisdiction of those courts, under the present ruling of the Supreme Court of the United States."

In that case the court directed attention to the fact that the question was not raised in the case of Supreme Lodge, K. P., v. Kalinski, 163 U. S. 289, 16 S. Ct. 1047, 41 L. Ed. 163; but Justice Brown, speaking for the court, said in the Kalinski Case:

"The case was removed, upon the petition of the defendant, to the Circuit Court of the United States for the Eastern District of Louisiana, upon an allegation that the defendant was created by and organized un-

der an act of Congress approved May 5, 1870; that it was domiciled in Washington, and that the controversy arose under and was to be determined by such act of Congress; that the suit was based upon a beneficial or life certificate issued under authority of such act of Congress, and the defense to said suit arose under the laws of the United States."

But the state contends that the Kalinski Case is not an authority to be followed here; however, the Supreme Court has cited the Kalinski Case as supporting the right of removal in the recent case of Bankers' Trust Co. v. T. & P. R. R. Co., 241 U. S. 295, 305, 36 S. Ct. 569, 571, 60 L. Ed. 1010. The reasons are given for the jurisdiction of the federal courts of suits against corporations chartered by act of Congress; for it is stated that:

"As long ago as Osborn v. Bank of United States, supra, it was settled that a suit by or against a corporation chartered by an act of Congress is one arising under a law of the United States, and this because, as was said in that case, at pages 823, 825: 'The charter of incorporation not only creates it (the corporation), but gives it every faculty which it possesses. The power to acquire rights of any description, to transact business of any description, to make contracts of any description, to sue on those contracts, is given and measured by its charter, and that charter is a law of the United States. This being can acquire no right, make no contract, bring no suit, which is not authorized by a law of the United States. It is not only itself the mere creature of a law, but all its actions and all its rights are dependent on the same law. Can a being, thus constituted, have a case which does not arise literally, as well as substantially, under the law? Take the case of a contract, which is put as the strongest against the bank. * * * The act of Congress is its foundation. The contract could never have been made, but under the authority of that act. The act itself is the first ingredient in the case, is its origin, is that from which every other part arises. That other questions may also arise, as the execution of the contract, or its performance, cannot change the case, or give it any other origin than the charter of incorporation. The action still originates in, and is sustained by, that charter.'

"After the Act of March 3, 1875, extended the jurisdiction of the Circuit Courts to cases arising under the laws of the United States, the ruling just quoted was uniformly followed and applied in suits by and against federal corporations (Pacific R. Removal Cases, 115 U. S. 1, 29 L. Ed. 319, 5 S. Ct. 1113; Petri v. Commercial Nat. Bank, 142 U. S. 644, 648, 35 L. Ed. 1144, 1145, 12 S. Ct. 325; Butler v. National Rome, 144 U. S. 64, 36 L. Ed. 346, 12 S. Ct. 581; Northern P. R. Co. v. Amato, 144 U. S. 465, 471, 36 L. Ed. 506, 508, 12 S. Ct. 740; Texas & P. R. Co. v. Cox, 145 U. S. 593, 601, 36 L. Ed. 829, 832, 12 S. Ct. 905; Washington & I. R. Co. v. Cœur d'Alene R. & Nav. Co., 160 U. S. 77, 93, 40 L. Ed. 346, 352, 16 S. Ct. 231; Supreme Lodge, K. P., v. Kalinski, 163 U. S. 289, 290, 41 L. Ed. 163, 16 S. Ct. 1047; Texas & P. R. Co. v. Swearingen, 196 U. S. 51, 53, 49 L. Ed. 382, 384, 25 S. Ct. 164, 17 Am. Neg. Rep. 422; In re Dunn, 212 U. S. 374, 383, 384, 53 L. Ed. 558, 562, 29 S. Ct. 299), save where the particular suit was withdrawn or excluded from that jurisdiction by some specific enactment, like that of Act July 12, 1882, c. 290, § 4, 22 Stat. 162, Comp. Stat. 1913, § 9665, placing most of the suits by and against national banks in the same catagory with suits by and against banks not organized under the laws of the United States (Leather Mfrs.' Nat. Bank v. Cooper, 120 U. S. 778, 781, 30 L. Ed. 816, 818, 7 S. Ct. 777; Continental Nat. Bank v. Buford, 191 U. S. 119, 122, 48 L. Ed. 119, 120, 24 S. Ct. 54). * * *

"A corporation is never merely created. Being artificial, possessing no faculties or powers save such as are conferred by law, and having in legal contemplation no existence apart from them, its incorporation consists in giving it individuality and endowing it with the faculties and powers which it is to possess. It is upon this theory that the decisions have proceeded. The ruling has been that a suit by or against a federal corporation arises under the laws of the United States, not merely because the corporation owes its creation to an act of Congress, but because it derives all of its capacities, faculties, and powers from the same source. This is shown in the quotation before made from Osborn v. Bank of United States, supra, and also in the following excerpt from Shoshone Min. Co. v. Rutter, 177 U. S. 505, 509, 510, 44 L. Ed. 864, 866, 867, 20 S. Ct. 726: 'A corporation has no powers, and can incur no obligations, except as authorized or provided for in its charter. Its power to do any act which it assumes to do, and its liability to any obligation which is sought to be cast upon it, depend upon its charter, and when such charter is given by one of the laws of the United

States there is the primary question of the extent and meaning of that law. In other words, as to every act or obligation the first question is whether that act or obligation is within the scope of the law of Congress; and that being the matter which must be first determined, a suit by or against the corporation is one which involves a construction of the terms of its charter; in other words, a question arising under the law of Congress.' "

And in the more recent case of American Bank & Trust Co. v. Federal Reserve Bank of Atlanta, 256 U. S. 350, 356, 41 S. Ct. 499, 500, 65 L. Ed. 983, 989, it is said:

"We agree with the court below that the removal was proper. The principal defendant was incorporated under the laws of the United States, and that has been established as a ground of jurisdiction since Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204; Pacific R. Removal Cases, 115 U. S. 1, 29 L. Ed. 319, 5 S. Ct. 1113; In re Dunn, 212 U. S. 374, 53 L. Ed. 558, 29 S. Ct. 299. We shall say but a word in answer to the appellants' argument that a suit against such a corporation is not a suit arising under those laws, within section 24 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087, Comp. Stat. § 991 [2], 4 Fed. Stat. Anno. [2d Ed.] p. 838). The contrary is established, and the accepted doctrine is intelligible; at least, since it is part of the plaintiffs' case that the defendant bank existed and exists as an entity, capable of committing the wrong alleged, and of being sued. These facts depend upon the laws of the United States."

See, also, Supreme Lodge, K. P., v. Mims, 241 U. S. 574, 36 S. Ct. 702, 60 L. Ed. 1179, L. R. A. 1916F, 919; Sloan Shipyards Corp. v. U. S. Shipping Board, 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762; Supreme Lodge, K. P., v. Hill, 76 F. 468, 22 C. C. A. 280; Porter v. U. S. Shipping Board (D. C.) 284 F. 397; Atlantic Corporation v. U. S. Shipping Board (D. C.) 286 F. 222; Canary Oil Co. v. Standard Asphalt Co. (C. C.) 182 F. 663.

Again, it is contended on the part of the state that the Supreme Court of the United States has exclusive jurisdiction of this case under section 233 of the Judicial Code (Comp. St. § 1210), because, as asserted, it is a controversy of a civil nature where the state is a party. I have not been furnished with any authorities to sustain this proposition. It must be borne in mind that the state is not here being sued, but that it is the plaintiff in the action. It is true that this is a controversy of a civil nature and

the state is a party; but the jurisdiction of the federal court does not arise by reason of the fact that the state is a party, but because it is a suit arising under the laws of the United States. In Southern Pac. R. R. Co. v. California, 118 U. S. 109, 6 S. Ct. 993, 30 L. Ed. 103, the company presented its petition for removal to the Circuit Court of the United States on the ground that the action "is a suit at law of a civil nature and arising under the Constitution and laws of the United States." The company also set up that under various acts of Congress, which were referred to, it "became and ever since has been a federal corporation, and has held its franchises and exercised all its corporate powers under the government of the United States." The state court proceeded to judgment in the case, and was affirmed by the state Supreme Court; but the Supreme Court of the United States held to the contrary, and said that "it is apparent that the court below erred in deciding that the suit was not removable." The decision is based on the reasoning in the case of K. P. Ry. Co. v. Kansas, 111 U. S. 449, 4 S. Ct. 437, 28 L. Ed. 482.

In State of California v. S. P. Co., 157 U. S. 229, 257, 15 S. Ct. 591, 602 (39 L. Ed. 683), it is said that:

"By the first paragraph of section 2 of article 3 of the Constitution it is provided that 'the judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority; to all cases affecting ambassadors, other public ministers and consuls; * * * to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of different states. * * *' And by the second clause that 'in all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be party, the Supreme Court shall have original jurisdiction. In all the other cases before mentioned, the Supreme Court shall have appellate jurisdiction. * * *' The language, 'in all cases in which a state shall be party,' means in all the cases above enumerated in which a state shall be a party, and this is stated expressly when the clause speaks of the other cases where appellate jurisdiction is to be exercised. This second clause distributes the jurisdiction conferred in the previous one into original and appellate jurisdiction, but does not profess to confer any. The original jurisdiction depends solely on the character of the

parties, and is confined to the cases in which are those enumerated parties and those only. Among those in which jurisdiction must be exercised in the appellate form are cases arising under the Constitution and laws of the United States. In one description of cases the character of the parties is everything, the nature of the case nothing. In the other description of cases the nature of the case is everything, the character of the parties nothing. Cohens v. Virginia, 19 U. S. (6 Wheat.) 264, 393 (5 L. Ed. 257, 288)."

[3] This being a case "in law * * * arising * * * under the laws of the United States," the Supreme Court has not original, but has appellate, jurisdiction, and therefore the insistance that "the Supreme Court of the United States has sole and exclusive jurisdiction" of the controversy cannot be sustained. And it must be said that this contention urged here is at variance with the previous conduct of the state in commencing this action in the state court. Undoubtedly the state then invoked the aid of a court of competent jurisdiction; and it is equally plain that the defendant was within its rights in removing the case to the District Court, which has jurisdiction of an ordinary justiciable cause such as this is, under the admitted facts and circumstances.

Order entered denying the motion to remand.